UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY STRAMAGLIA,

    Plaintiff,

vs.                                              Case No.  3:04-cv-758-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 23) filed June 18, 2007.  The Commissioner filed a response (Doc. 24) on July 3, 2007.  (Doc. 24).  Accordingly, this matter is ripe for review.

In this case, Judgment was entered on July 11, 2005 reversing the case and remanding for further proceedings at the administrative level.  (Doc. 19).  Plaintiff's counsel received an award of EAJA fees in the amount of $2,028.12 for his 13.75 hours of work in federal court on this case.  (Doc. 21).  On remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff past-due social security disability insurance benefits in the amount of $71,476.50.[1]  (Doc. 23-2, p. 10).  Pursuant to 42

---

[1] Although Plaintiff's counsel states Plaintiff's past due benefits were $71,476.50, the notice of award letter issued by the Social Security Administration ("SSA"), and which is attached to Plaintiff's Motion, states Plaintiff will receive $53,852.00 – representing the amount of money owed Plaintiff through August 2006.  (Doc. 23-2, p. 10).  Because, however, the amount set aside by the
(continued...)

U.S.C. §406(b), the Commissioner normally sets aside approximately 25% of a plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees. Here, the Commissioner has set aside $17,624.50 in an escrow account for payment of attorney's fees. Plaintiff's counsel now requests an award of $10,624.50 in 406(b) attorney's fees, as he has already received $7,000.00 for legal services performed at the administrative level.

In response to Plaintiff's Motion, the Commissioner notes that the Eleventh Circuit recently held that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney fee petitions under 42 U.S.C. § 406(b).  See Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006).  Rule 54(d)(2)(B) requires a motion for attorney's fees to be filed "no later than 14 days after entry of judgment," unless some other period is otherwise provided by statute or order of the court.[2]  In Bergen, the Court noted that in order to determine whether a petition is timely, it must determine what the term "entry of judgment" means or rather, when the 14 day period for filing the petitions begins to run for a § 406(b) petition. The Bergen Court, however, declined to decide this issue because the Commissioner did not object

---

[1](...continued)
SSA, is $17,624.50, and because the SSA generally sets aside 25% of the total benefits awarded for attorney's fees, it appears $71,476.50 was the total amount of benefits granted Plaintiff.

[2] Local Rule 4.18(a) of the Middle District of Florida reiterates the requirement in Fed. R. Civ. P. 54(d)(2)(B) in that "all claims for costs or attorneys fees . . . shall be . . . filed not later than fourteen (14) days following the entry of judgment."

to the timeliness of the attorney's fee petition.[3]

Here, the Commissioner notes the untimeliness of Plaintiff's Motion. (Doc. 24). Indeed, under even the most liberal reading of Rule 54(d)(2)(B), i.e., construing the 14 day limitation period to begin on the date the notice of award is served, Plaintiff's motion for § 406(b) fees is not timely. Plaintiff's counsel filed his Motion requesting fees almost two years after judgment was entered by this Court, a year and three months after the ALJ's favorable decision awarding Plaintiff benefits, and more than eight months after the SSA issued the notice of award letter. (Doc. 23, p. 2; Doc. 24, p. 2). Moreover, Plaintiff's counsel fails to offer any explanation as to why he waited so long to file his Motion. In sum, Plaintiff's counsel makes no showing that the Motion was timely made within any arguably applicable 14 day period.

Notwithstanding the Court's recognition of counsel's diligence and the hours he expended in the successful representation of his client, regrettably, the Court must find the Motion to have been untimely filed.

Accordingly, it is hereby

---

[3] In a prior opinion, the Eleventh Circuit declined to strictly apply the term "entry of judgment" in light of the particular circumstances applicable to post judgment proceedings in Social Security cases; rather, it found the 14 day time limitation should begin to run from the day the award notice was issued. Bergen v. Commissioner of Social Security, 44 F.3d 1281, 1286 (11th Cir. 2006). This holding was, however, vacated and superseded by the Eleventh Circuit's subsequent decision in Bergen v. Commissioner of Social Security, 454 F.3d 1273 (11th Cir. 2006), in which it declined to decide when the 14 day period begins to run because the Commissioner had not filed a response objecting to the motions for fees. Nevertheless, the Eleventh Circuit clearly held the 14 day period set forth in Fed. R. Civ. P. 54(d)(2)(B) is applicable to § 406(b) petitions. Id. at 1277.

**ORDERED**:

Plaintiff's Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __26th__ day of July, 2007.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record